# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**THALMUS RASULALA PACE**                                                           **PETITIONER**

v.                                                                                              No. 4:14-cr-23-MPM

**USA**                                                                                                             **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of Thalmus Rasulala Pace to reduce his sentence pursuant to 18 U.S.C.A. § 3582(c)(2). ECF doc. 51. This matter is ripe for resolution.

### Facts and Procedural Posture

Pace was indicted for and pleaded guilty to distributing crack cocaine in violation of 21 U.S.C. §841(a) and (b)(1)(C) (Count I). ECF docs. 1 and 33. Pursuant to his guilty plea, Pace was sentenced to serve 100 months on Count I, to be followed by five (5) years of supervised release, which was below the advisory guideline range. ECF docs. 48 and 49. In addition, Pace was sentenced as a career offender pursuant to Sentencing Guideline §4B1.1. ECF doc. 46. Pace has filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C.A. §3582(c)(2). ECF doc. 51. For the reasons discussed herein, Pace's motion is denied.

### Standard

Pursuant to 18 §3582(c)(2) this Court has the discretion to reduce a criminal defendant's sentence when a sentencing range set forth by the Sentencing Guidelines has been subsequently reduced. In order to warrant such a reduction of sentence, the court must find that:

  **(i)** extraordinary and compelling reasons warrant such a reduction; or

  **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

  and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

§3582(c)(1)(A). A sentence reduction may also be warranted pursuant to F.R.Cr.P. 35. §3582(c)(2).

### Pace is not Entitled to a Sentence Modification

  Pace asserts that he was entitled to a two (2) point reduction pursuant to Amendment 782 to Guideline §2D1.1. Effective November 1, 2014, Amendment 782 "amended §2D1.1 to allow a two-level reduction to [an] offense level based on the drug quantity," and was retroactive to earlier sentences. *U.S. v. Quintanilla*, 868 F.3d 315, 318 (5th Cir. 2017). The Fifth Circuit has held that, because Amendment 782 did not affect the Guideline range for the career offender section, §4B1.1, District Courts lack the authority to modify a criminal defendant's sentence as a career offender. *Quintanilla,* 868 F.3d at 322. As such, Pace is not entitled to a sentence modification in this case.

  Moreover, as noted above, Pace's sentence was below that recommended by the Guidelines. Pace was sentenced pursuant to an offense level of 29 and a criminal history category of VI and faced an advisory sentence of 151 to 188 months. ECF doc. 49, pg. 5. Even assuming *arguendo* that Pace was entitled to a two point reduction in his offense level, he would have a recommended sentencing range of 130 to 162 months. Pace was sentenced to serve a term

of 100 months, well below both the applicable sentencing range and the adjusted range had he received a point reduction. ECF doc. 49, pg. 8. As such, Pace is not entitled to a sentence modification in this case.

## Conclusion

As discussed above, Pace's claims lack merit, and the instant motion to modify Thalmus Rasulala Pace's sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 18th day of April, 2018.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**